UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMON T.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-1204-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in denying his claim because, *inter alia*, the residual functional capacity ("RFC") assessment compels a finding of disability when viewed in conjunction with the testimony of the vocational expert ("VE"). (Dkt. # 11 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS for a finding of disability.

## II. BACKGROUND

Plaintiff was born in 1974, has a high school diploma and Job Corps training, and has worked as a drywall taper and sheet rock hanger. AR at 217-18. Plaintiff was last gainfully employed in March 2011. *Id.* at 216-17.

ORDER - 1

In November 2014, Plaintiff applied for benefits, alleging disability as of March 30, 2011. AR at 197-203. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 136-42, 144-50. After the ALJ conducted a hearing in October 2016 (*id*. at 76-103), the ALJ found Plaintiff not disabled. *Id.* at 36-47.

The Appeals Council denied review (AR at 1-7), and the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. *Id*. at 733-45. On remand, the same ALJ held a hearing (*id*. at 664-85) and subsequently issued another decision finding Plaintiff not disabled. *Id*. at 667-79.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff did not engage in substantial gainful activity between his alleged onset date through his date last insured ("DLI") of December 31, 2016.

Step two: Through the DLI, Plaintiff had the following severe impairments: degenerative disc disease, anxiety disorder, and affective disorder.

Step three: Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[2]

RFC: Through the DLI, Plaintiff could perform light work with additional limitations: he could occasionally climb ladders and frequently climb stairs. He could frequently balance, kneel, crawl, and crouch, and occasionally stoop. He must avoid concentrated exposure to excessive vibration and hazards. He could perform unskilled jobs with a specific vocational preparation of 1-3. He could have occasional public interaction. He was capable of maintaining attention and concentration 90 percent of a workday, and would be off-task for 10 percent of a workday.

Step four: Through the DLI, Plaintiff could not perform past relevant work.

Step five: As there were jobs existing in significant numbers in the national economy that Plaintiff could have performed through the DLI, Plaintiff was not disabled during the adjudicated period.

AR at 667-79.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

1   Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

As noted above, the ALJ's RFC assessment indicates that Plaintiff will be off-task for 10 percent of a workday. The ALJ discussed this particular limitation in the decision as follows:

> The undersigned acknowledges that none of the [medical] opinions includes a limitation for being off-task for ten percent. However, the undersigned adds this as [a] precautionary measure[] in light of [Plaintiff's] complaints of difficulty with concentration due to factors like anxiety and depression. Most jobs generally

ORDER - 3

> involve some degree of non-productivity. The [VE] testified that an employer generally would tolerate someone being off-task up to ten percent. This limitation[,] in other words, is not necessary in [an RFC assessment] because it is a factor that most employers would tolerate as part of their normal employment environment. The undersigned includes it to ensure adequate consideration by the [VE] and to preclude jobs (if any) that would require continuous and constant concentration throughout the entire workday with no absences from work. This level of flexibility is important in the claimant's situation given that [he] does have severe mental impairments that would warrant some flexibility by the employer.

AR at 676. The ALJ's description of the VE testimony is not entirely accurate, however.

The VE did testify that generally an employer would tolerate an employee being off-task 10 percent of the time, but if the employee was off-task to that degree during the initial training period, the VE opined that the employee would not be retained:

> [Counsel]: [I]s being off task up to 10 percent tolerated in that initial up-to-30-day training period?
>
> [VE]: No, don't think so. It's kind of hard to say what would be tolerated during that probationary period if someone was off task by 10 percent. They would probably be terminated.

AR at 703-04. In light of this testimony, Plaintiff argues that the ALJ's RFC assessment compels a finding of disability because Plaintiff would not be able maintain employment through the initial training period required in the jobs identified at step five.

The Commissioner's arguments in response are not persuasive. The Commissioner attempts to characterize the VE's testimony as "ambiguous" as to whether an employer would tolerate an employee being off-task 10 percent of the workday during the training period. (Dkt. # 18 at 14.) The VE's testimony is not ambiguous on that point, however: he testified that he did not believe that an employee who was off-task 10 percent of a workday during the training period would remain employed. AR at 703-04. Although the Commissioner points (dkt. # 18 at 14) to other sections of the VE's testimony (AR at 702-03) where the VE indicated that an

ORDER - 4

employee who was off-task 10 percent of the time generally could maintain employment, or that an employer would generally tolerate an employee taking two or three extra 15-minute breaks per month, this testimony was not elicited in reference to the initial training period, and thus does not pertain to Plaintiff's assignment of error here.

That the ALJ was not required to mention an off-task limitation in the RFC assessment (dkt. # 18 at 14) has no practical import here because, as it turns out, the limitation is dispositive in light of the VE's testimony indicating that a person with that limitation would not be able to maintain employment beyond the initial training period of up to 30 days. *See Gatliff v. Comm'r of Social Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999) ("We are persuaded by the reasoning of our sister circuits that substantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time requires no leap of conclude that two months is not a significant period."). Whether the ALJ could have excluded the limitation is not relevant to whether the ALJ's RFC assessment as stated compels a finding of disability.

To remand for an award of benefits, the Court must find: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) that the record has been fully developed and further administrative proceedings would serve no useful purpose, a determination that includes consideration of whether any outstanding issues must be resolved before determining disability; and (3) that, if improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). In this case, the ALJ improperly failed to account for the entirety of the VE's testimony regarding the impact of the off-task limitation;

there are no outstanding conflicts in the record that must be resolved because the VE's testimony is uncontroverted; and it is clear that the ALJ's RFC assessment compels a finding of disability when viewed in conjunction with the VE's testimony. Under these circumstances, the Court finds that a remand for a finding of disability is the appropriate remedy for the ALJ's error.[3]

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for a finding of disability.

Dated this 27th day of May, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[3] Although Plaintiff assigned error to other portions of the ALJ's decision as well, the Court need not address those issues in light of the resolution of the step-five issue.